UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONIKA R HIGGINS; aka JONES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-3787 |
| | § | |
| MONTGOMERY COUNTY HOSPITAL DISTRICT, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendants Montgomery County Hospital District ("Montgomery Hospital") and Lee Gillum's ("Gillum") Partial Motion to Dismiss (Doc. 9), as well as Plaintiff Monika R. Higgins' ("Higgins") Response (Doc. 11) and Defendants' Reply (Doc. 11). Upon review and consideration of this motion, the response, and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendants' partial motion to dismiss should be granted.

I.  Background and Relevant Facts

This is an employment discrimination case.  Higgins alleges that she has a disability but does not specify its nature.  (Pl.'s First Am. Compl. ¶ 6.)  On or about November 3, 2008, Higgins began employment by Montgomery Hospital under the supervision of Gillum.  (*Id.*)  On January 7, 2009, Higgins alleges that Gillum twice struck her arms during working hours.  (*Id.*) On January 21, 2009, Higgins reported the Gillum assault to Montgomery Hospital management personnel, Connie Wolfe and Connie Bryant.  (*Id.*)  On January 23, 2009, Higgins was assigned a new supervisor.  (*Id.*)  On February 24, 2009, Higgins reported the Gillum assault to Stacy Cox, a representative of Montgomery Hospital's human resources department.  (*Id.*)  On

March 3, 2009, Higgins' employment at Montgomery Hospital was terminated.

On October 13, 2010, Higgins filed suit.  (Doc. 1.)  On January 28, 2011, Higgins filed an amended complaint, bringing claims against Montgomery Hospital for violations of the First and Fourteenth Amendments under 42 U.S.C. § 1981, violations of her constitutional rights under 42 U.S.C. § 1983, violations of Titles I and II of the Americans with Disabilities Act ("ADA"), hostile work environment, breach of contract, and battery under the Texas Tort Claims Act ("TTCA"), and against Gillum for battery.  (Doc. 7.)  Defendants now move to dismiss all but Higgins' ADA claims.  (Doc. 9.)

II.  Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A lawsuit must be dismissed for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation omitted).  The party seeking to litigate in federal court bears the burden of establishing subject-matter jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation

omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face. *Id.* at 569. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

It is the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Id.* However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III. Discussion

The Civil Rights Act of 1866 prohibits discrimination on the basis of race. 42 U.S.C. § 1981. Higgins alleges she suffered discrimination based on disability, not race. Section 1981 does not extend to discrimination based on disability. *Bloom v. Bexar Cnty.*, 130 F.3d 722, 723 at n.1 (5th Cir. 1997); *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1411 (10th Cir. 1997). Higgins' claims under Section 1981 must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Immunity from suit is jurisdictional and, therefore, is properly decided pursuant to a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *Tex. Dep't of Parks and*

*Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).  Hospital districts like Montgomery Hospital are governmental units entitled to governmental immunity, which protects subdivisions of the State from lawsuits for damages.  *Reata Constr Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006).  As such, Montgomery Hospital is protected from suit under the TTCA.  Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2007).  Texas courts have held that statutory waivers of immunity, such as those in the TTCA, must be construed narrowly.  *Mission Consd. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) ("We interpret statutory waivers of immunity narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous.").  The TTCA contains a waiver of governmental immunity for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>   (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>   (B) the employee would be personally liable to the claimant according to Texas law; and;
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2007).  Higgins, however, does not allege that any "condition or use of tangible personal or real property" by Montgomery Hospital caused her injuries.  *Id.*  Because Montgomery Hospital has not waived its governmental immunity, Higgins' claims under the TTCA must be dismissed.

In order to bring a claim under 42 U.S.C. § 1983, Higgins must (1) allege a violation of rights secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994); *James v. Collin Cnty.*, 535 F.3d 365, 373 (5th

Cir. 2008). Here, Higgins alleges that Gillum, "acting in his official capacity and acting under color of law, deprived Plaintiff of her clearly established rights and privileges secured by the Constitution and laws, which should reasonably have been known to Gillum, to include her rights under contract, her rights under Federal law protecting disabled persons, her right to be free from physical harm, and her Constitutional right of, inter alia, life, liberty and the pursuit of happiness." (Pl.'s First Am. Compl. ¶ 13.) However, Texas is an at-will employment state, meaning that, absent a specific agreement to the contrary, an employee may be terminated without cause at any time. *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). Higgins' employment was at will and therefore she cannot claim a protected property interest in her job. *Whitting v. Univ. S. Miss.*, 451 F.3d 339, 344–45 (5th Cir. 2006).

Section 1983 also does not provide a cause of action for statutory claims that provide their own frameworks for damages, such as the ADA. *D.A. v. Houston Indep. Sch. Dist.*, 09-20551 (5th Cir. Dec. 28, 2010); *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (holding that where a statutory scheme already provides a comprehensive set of remedies for its enforcement, there is a presumption against the availability of the more general remedial measures of § 1983). Higgins' claim under 42 U.S.C. § 1983 must be dismissed.

Finally, Texas Civil Practice and Remedies Code § 101.106(e) mandates immediate dismissal of claims against an employee of a governmental unit when suit is filed under the TTCA "against both a governmental unit and any of its employees." *Id.* § 101.106(e); *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 738 (5th Cir. 2010). Therefore, Defendant Gillum must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1).

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Defendants Montgomery County Hospital

District and Lee Gillum's Partial Motion to Dismiss (Doc. 9) is **GRANTED**.

Higgins' claims for breach of contract, battery, violations of the First and Fourteenth Amendments under 42 U.S.C. § 1981, and violations of 42 U.S.C. § 1983 are **DISMISSED**. Higgins' claims for violations of Titles I and II of the Americans with Disability Act survive.

Defendant Lee Gillum is **DISMISSED**.

SIGNED at Houston, Texas, this 26th day of July, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE